IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LAMONT ALFONZO WARD, JR. (01),<br><br>　　　　Defendant. | Case No. 14-cr-40139-01-DDC |

**MEMORANDUM AND ORDER**

Defendant Lamont Ward, Jr. has filed a motion asking the Court to dismiss Count III of the Superseding Indictment, or alternatively, to require the government to produce a bill of particulars (Doc. 47).  His motion argues that Count III contains insufficiently specific factual allegations to permit him to invoke the double jeopardy protections of the Fifth Amendment to the United States Constitution.  The government has filed a response opposing both forms of relief.  After considering the parties' arguments, the Court denies defendant's motion for the reasons explained below.

Count III of the Superseding Indictment alleges that Mr. Ward possessed a firearm in furtherance of drug trafficking.  It charges the following:

**Count 3**

On or about the 8th day of May, 2013, in the District of Kansas, the defendant,
**LAMONT ALFONZO WARD, JR.,**
knowingly and intentionally possessed a firearm, to wit:  a Jennings Firearms/Bryco Arms, Model 58, .380 caliber semi-automatic pistol, bearing serial number 1017966, and accompanying ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit:  possession with the intent to distribute a mixture and substance containing a detectable quantity of cocaine base (crack cocaine), a Schedule II controlled

1

>substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count 1 of this Indictment, in violation of Title 18, United States Code, Section 924(c), with reference to Title 18, United States Code, Section 2.

Doc. 3 at 2-3. Mr. Ward argues that Count III does not describe how his alleged firearm possession qualifies as "in furtherance of drug trafficking." Because of this deficiency, he asserts, the indictment does not give him sufficient information to assert a double jeopardy defense should he face reprosecution for the same conduct. Doc 47 at 4.

"The traditional criteria for testing the sufficiency of an indictment are whether it contains the elements of the offense charged and apprises the accused of the nature of the charge so as to enable him to prepare a defense and to plead the judgment in bar." *United States v. Elliott*, 689 F.2d 178, 179-80 (10th Cir. 1982) (citing *Russell v. United States*, 369 U.S. 749 (1962)). These criteria are embodied in Fed. R. Crim. P. 7(c)(1) which requires that an indictment include "a plain, concise and definite written statement of the essential facts constituting the offense charged." The Tenth Circuit has held that "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." *United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *Id.* (citing *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)). Courts should judge the sufficiency of an indictment by "practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

Judged by these criteria, the Court concludes that Count III suffices. The words used by Count III closely track the relevant portions of the statute it alleges that Mr. Ward violated, 18

U.S.C. § 924(c).  *Compare* Doc. 3 at 2-3 ("LAMONT ALFONZO WARD, JR., knowingly and intentionally possessed a firearm . . . and accompanying ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States . . . .") *with* 18 U.S.C. § 924(c) ("[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States . . . who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [shall be imprisoned in accordance with this subsection.]").  Count III also identifies the date ("On or about the 8th day of May, 2013"), the place ("the District of Kansas"), and the essential elements that constitute the offense charged by it.  It also identifies the specific make and model of the firearm and the specific type of controlled substance satisfying the drug trafficking element of 18 U.S.C. § 924(c).  It thus gives Mr. Ward adequate information about the nature of the offense the government has charged.

Mr. Ward disputes that the government can prove the requisite link between the alleged firearm possession and the drug trafficking crime.  But this argument just challenges the sufficiency of the government's evidence.  This is not a proper basis to challenge the sufficiency of an indictment.  *See Powell*, 767 F.3d at 1031 (noting that "a challenge to the indictment is not a vehicle for testing the government's evidence" (quoting *Redcorn*, 528 F.3d at 733)); *see also United States v. Molina*, No. 09-40041-01-10-RDR, 2010 WL 2346393, at *11 (D. Kan. June 9, 2010) (denying a similar motion for a bill of particulars because the question whether defendant possessed a firearm "in furtherance of drug trafficking" was a challenge to the sufficiency of the government's evidence, not the indictment).

The Court thus concludes that Count III of the Superseding Indictment charges Mr. Ward with sufficient specificity. It sets forth all the essential elements of 18 U.S.C. § 924(c) and notifies Mr. Ward adequately of the charge the government seeks to prove at trial. Also, the government has provided Mr. Ward full and complete discovery. He and his counsel have possession of the evidence the government will use to try to prove the elements of this charges.

The Court has broad discretion when assessing a motion for a bill of particulars, so long as an indictment is sufficient to enable the defendant to prepare a defense, to avoid prejudicial surprise at trial, and to prepare a double jeopardy defense. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). Moreover, "a bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial." *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). The Court, in its discretion, declines to order the government to produce a bill of particulars. For the same reasons, the Court denies Mr. Ward's request for the more drastic remedy of dismissal.

**IT IS THEREFORE ORDERED THAT** defendant Lamont Ward, Jr.'s Motion to Dismiss for Failure to State an Offense in Count III, or, Alternatively, Request a Bill of Particulars (Doc. 47) is denied.

**IT IS SO ORDERED.**

**Dated this 28th day of April, 2015, at Topeka, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**