IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAMONT ALFONZO WARD, JR. (01),

    Defendant.

Case No. 14-cr-40139-01-DDC

**MEMORANDUM AND ORDER**

Defendant Lamont Ward, Jr. has filed a motion asking the Court to sever and try separately Count II of the Superseding Indictment (Doc. 48). Count II alleges that Mr. Ward was a felon in possession of a firearm. His motion argues that joinder of Count II risks prejudicing him unfairly by inviting evidence of a prior felony conviction. It also argues that joinder of Count II compromises his Fifth Amendment right not to testify in the case against him. The government has filed a response opposing Mr. Ward's motion (Doc. 50). After considering the parties' arguments, the Court denies Mr. Ward's motion for the reasons explained below.

    **A.  Standard for Joinder and Severance**

Fed. R. Crim. P. 8(a) allows the government to join offenses in a single indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Tenth Circuit "construe[s] Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997) (citing *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995)). Even so, Rule 8(a)'s joinder guidelines are subject to the limitations of Rule 14(a), which provide, as relevant here: "If the joinder of offenses . . . in an

1

indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts." Fed. R. Crim. P. 14(a).  When deciding a motion to sever, the Court must weigh any prejudice to the defendant "against the important considerations of economy and expedition in judicial administration."  *United States v. Mabry*, 809 F.2d 671, 681 (10th Cir. 1987), *overruled on other grounds by Mathews v. United States*, 485 U.S. 58 (1988).  The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts."  *United States v. Muniz*, 1 F.3d 1018, 123 (10th Cir. 1993) (citations omitted).  And "the decision whether to sever counts as prejudicial rests in the sound discretion of the trial judge."  *United States v. Dixon*, 546 F. Supp. 2d 1198, 1206 (D. Kan. 2008) (citing *Muniz*, 1 F.3d at 1023).

### B. Prior Conviction Evidence

"[E]vidence of a prior conviction has long been the subject of careful scrutiny and use at trial because of the danger that the jury might convict, not based on the evidence, but because it feels that the defendant is a bad person."  *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002).  Nevertheless, in *United States v. Valentine*, the Tenth Circuit concluded the defendant suffered no prejudice by the joinder of a felon in possession count when no details of the conviction were presented to the jury, and the only discussion of the prior conviction was brief and limited to establishing the fact of the conviction.  706 F.2d 282, 290 (10th Cir. 1983).  Also, remedies less drastic than severance typically will safeguard a defendant from the risk of prejudicial joinder.  For example, "a defendant charged with being a felon in possession of a firearm may stipulate to the fact of his prior conviction and thereby preclude the government from putting on evidence of the conviction to prove the predicate felony."  *United States v. Hall*, 625 F.3d 673, 681 (10th Cir. 2010) (citing *Old Chief v. United States*, 519 U.S. 172 (1997)). Limiting instructions to the jury can "adequate[ly] protect the accused from prejudice on the

[other] counts." *United States v. Roe*, 495 F.2d 600, 603-04 (10th Cir. 1974).  Either of these methods likely will suffice to ameliorate the risks of prejudice associated with evidence of Mr. Ward's prior felony conviction.

### C.  Prejudice to Mr. Ward's Fifth Amendment Rights

Mr. Ward also asserts that failing to sever Count II would chill his "constitutional protections as it relates to his Fifth Amendment right not to testify in the case against him and not bear the burden of the jury knowing of his prior conviction."  Doc. 48 at 2.  "The Tenth Circuit sets a demanding standard for severance of counts due to Fifth Amendment prejudice . . . ."  *United States v. Dixon*, 546 F. Supp. 2d 1198, 1206 (10th Cir. 2008).  When a defendant moves for severance "because [he] wishes to testify [about] one or some counts but not as to others, 'no need for severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count *and* a strong need to refrain from testifying on the other.'"  *United States v. Jones*, 530 F.3d 1292, 1300 (10th Cir. 2008) (quoting *United States v. Martin*, 18 F.3d 1515, 1518-19 (10th Cir. 1994)).  "[T]o demonstrate 'convincing need,' the defendant must 'present enough information . . . to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.'"  *Id.* (quoting *Martin*, 18 F.3d at 1519).

Mr. Ward has failed to make a "convincing showing" that he has either important testimony to give about Count II or a strong need to refrain from testifying about the other counts.  Although he claims that evidence of his prior conviction evidence will negate the effect of his refusal to testify, this assertion falls short of the requirement obliging him to show that he has important testimony to give.  Also, he has not demonstrated a strong need to refrain from

testifying.  Mr. Ward's Fifth Amendment argument rests only on conclusory allegations, which, "without more, [are] simply not enough to warrant severance." *Dixon*, 546 F. Supp. 2d at 1206. The Court thus denies Mr. Ward's motion for severance.

### D.  Conclusion

Mr. Ward has failed to meet his burden to show real prejudice from the joinder of Count II.  But the Court also recognizes that it "has a continuing duty to insure that prejudice does not occur, and if it does, to sever defendants or offenses."  *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) (citing *Schaffer v. United States*, 362 U.S. 511, 516 (1960)).  Accordingly, the Court denies Mr. Ward's motion without prejudice.  If future circumstances show that joinder of Count II will impose and substantial prejudice on Mr. Ward, he may renew his motion for severance.

**IT IS THEREFORE ORDERED THAT** Mr. Ward's  Motion to Sever Count II (Doc. 48) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 28th day of April, 2015, at Topeka, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**