## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      **Plaintiff,**<br><br>v.<br><br><br>**LAMONT ALFONZO WARD, JR. (01),**<br><br>      **Defendant.** | Case No. 14-40139-01-DDC |

### MEMORANDUM AND ORDER

#### Background

The current proceedings in this case involve a petition seeking to revoke defendant Lamont Alfonzo, Ward, Jr.'s term of supervised release. Doc. 110 (filed Jan. 7, 2020). A final hearing about revocation of Mr. Ward's supervised release is scheduled for May 11, 2020.

Mr. Ward has filed a motion asking the court to issue a subpoena duces tecum under Fed. R. Crim. P. 17(c). Doc. 123. His motion also asks the court "to direct the custodian of the subpoenaed records to execute a records-custodian affidavit" complying with Fed. R. Evid. 902(11). *Id.* at 3. The target of the subpoena is Securus Technologies, who, Mr. Ward asserts, "provided phone services" to CCA. *Id.* at 2. The motion implies that Mr. Ward was detained at CCA while awaiting trial on the original charges against him, though it doesn't assert as much explicitly. Mr. Ward's motion asks the court to authorize a subpoena demanding "[c]all recording access logs for all calls from Lamont A. Ward from 11/18/2014 through 6/27/2017." *Id.* at 1. The first date roughly corresponds to Mr. Ward's arrest on the underlying charges. *See* Doc. 4 (Rule 5 and Arraignment proceeding conducted on Nov. 24, 2014). Mr. Ward doesn't explain the second date, but the court notes Mr. Ward was sentenced to a term of 46 months

imprisonment followed by three years of supervised release in late 2015.  Doc. 104.  He had entered a guilty plea on May 18, 2015.  Doc. 84.  So, the significance of June 27, 2017 is not apparent, but the court assumes it correlates with Mr. Ward's detention at CCA.

Mr. Ward's motion explains why he seeks these records.  It recites that the United States Attorney's Office acquired recordings of attorney/client telephone calls going back to 2011.  Mr. Ward asserts that the subpoena should issue so his counsel, as "part of the investigation of Mr. Ward's case," can "determine whether, while [he was] detained at CoreCivic in relation [to] this case, Mr. Ward's calls to attorneys were recorded and, if so, why, and whether any recorded attorney-client phone calls were accessed by any outside entity." Doc. 123 at 2.

The government opposes the motion.  *See* Doc.126.  It argues that Mr. Ward's motion fails to make the showing required by the governing legal authorities.

The court agrees with the government and thus denies Mr. Ward's motion.  This Order explains why, below.

## Analysis

The legal standard governing a Rule 17(c) motion like Mr. Ward's is well known.  The Supreme Court established this standard nearly 70 years ago and our Circuit consistently has enforced it.  Among many other cases, *United States v. Abdush-Shakur*[1] summarizes the standard's components this way:

> Rule 17(c) is ''not intended to provide an additional means of discovery,'' but ''to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.'' *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  A party seeking a subpoena duces tecum under Rule 17(c) must establish:

---

[1]   465 F.3d 458 (10th Cir. 2006).

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general ''fishing expedition.''

465 F.3d at 467 (internal citations abbreviated) (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).  To make the required showing, the Rule 17(c) movant "must clear three hurdles:  (1) relevancy; (2) admissibility; (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700); *see also United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. 2008).

Mr. Ward's motion doesn't satisfy this governing standard or the burdens that come with it.  To his credit, Mr. Ward is candid about the reason for requesting the subpoena:  "to determine whether, while detained at CoreCivic in relation [to] this case, Mr. Ward's calls to attorneys were recorded and, if so, why, and whether any [attorney/client calls] were accessed by any outside entity." Doc. 123 at 2.  In short, he wants to conduct discovery.  Unfortunately for Mr. Ward, Supreme Court precedent proscribes using Rule 17 for that purpose. *Bowman Dairy*, 341 U.S. at 220.

The motion's shortcomings don't end there.  Supreme Court precedent also requires that the targeted records are "evidentiary" and "relevant." *Id*. at 219-20; *Nixon*, 418 U.S. at 699-700.  Mr. Ward's motion makes no effort to comply with these components of the standard.  And it's hard to imagine how he could.  The only issue currently before the court is whether Mr. Ward violated the conditions of his term of supervision.  The United States Probation Office has accused Mr. Ward of violating two Mandatory Conditions and two Standard Conditions. *See* Doc. 110 at 1.  The Petition's allegations rely on conduct allegedly occurring in 2019. *Id*. at 1-2.

The putative subpoena would seek recordings of telephone calls taped between 2014 and 2017. Mr. Ward never explains how these recorded calls—even if one assumes Mr. Ward's calls were recorded and provided to others—could provide evidence relevant to the violations now at issue. It isn't self-evident.

In sum, Mr. Ward's motion fails to make the showing required by governing law. The court denies his request for that reason.[2]

**THEREFORE, IT IS HEREBY ORDERED** that defendant Lamont Alfonzo Ward, Jr.'s Motion for Production of Documents and Objects Under Fed. R. Crim. P. 17(b) and (c) (Doc. 123) is denied.

**IT IS SO ORDERED.**

**Dated this 22nd day of April, 2020, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**

---

[2] Mr. Ward's motion also requests a "records-custodian affidavit under Rule 902(11)." Doc. 123 at 4. He asks the court "to direct the custodian of the subpoenaed records to execute a records custodian affidavit that complies with Rule 902(11)." *Id*. First, the court has denied Mr. Ward's requested subpoena. Second, Mr. Ward hasn't identified anything authorizing the court to order a subpoena's recipient to supply an affidavit under Fed. R. Evid. 902(11).